IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § | |
| OF MATTHEWS MARINE, INC. AS § | |
| OWNER AND OPERATOR OF THE M/V § | CAUSE NO. 1:07CV1249 LG-RHW |
| ANNABELLA FOR EXONERATION § | |
| FROM OR LIMITATION OF LIABILITY § | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Plaintiff's Motion for Summary Judgment [93] seeking exoneration from liability. There has been no response filed by any Claimant. After due consideration of the Plaintiff's submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury. The Motion will therefore be granted.

DISCUSSION

Matthews Marine filed this limitation action asserting that its vessel, the ANNABELLA, was completely free from fault in the June 14, 2007, collapse of column Bent 31 of the Bay St. Louis/Hwy. 90 bridge. The M/V ANNABELLA was assisting in the bridge construction project by pushing a concrete barge on the day of the collapse. Matthews alleges that several of the bridge workers filed negligence actions against it on the strength of only "rampant speculation and inadmissible hearsay" that the ANNABELLA came into contact with the base of the column or otherwise contributed to the collapse. Ct. R. 94 p.1.

Pursuant to the Limitation of Liability Act, Plaintiff has the right to initiate a federal limitation of liability proceeding. 46 U.S.C. app. § 185. In the process of seeking limited liability, Plaintiff may also seek exoneration from liability. *See In re Tetra Applied Tech*., 362 F.3d 338, 342 (5th Cir. 2004). Plaintiff seeks summary judgment exonerating it from liability,

contending that there is no evidence that the ANNABELLA ever came into contact with the column or otherwise contributed to the column's collapse, and therefore, no Claimant can establish a *prima facie* case of negligence against Plaintiff.  The standard for negligence under general maritime law is: 1) a duty owed; 2) a breach of the duty; 3) injury; and 4) a causal connection between the conduct and the injury.  *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991).

The Legal Standard:

Summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  No party has submitted any argument or evidence in opposition to the Plaintiff's Motion.  Nevertheless, Plaintiff has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed.  *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

The Summary Judgment Evidence:

Plaintiff has submitted affidavits from the crew members of the M/V ANNABELLA - Capt. Ladislav Baloun and a deck hand, Jerry Duggan.  According to Capt. Baloun:

> At the time of The Incident, neither the M/V ANNABELLA nor her tow were tied, connected or otherwise in contact with the base of the column.  Rather, the M/V ANNABELLA was made fast to the concrete barge, and a single line was

> connecting the concrete barge to a cavel on the spud barge holding a crane. The spud barge was not tied, connected or otherwise in contact with the base of the column. It was spudded down.
>
> . . .
>
> There was no contact between any part of the M/V ANNABELLA or her tow with the base of the column or the column itself at any time before The Incident.

Ct. R. 93-3 p. 2. Duggan's affidavit is identical. Ct. R. 93-4 p. 2.

Plaintiff has also provided deposition testimony of personnel on the cement barge at the time of the collapse. Neither one testified to any contact with the column. *See* Ct. R. 93-6; 93-7.

Finally, Plaintiff has provided the Claimants' responses to Plaintiff's discovery requests. No Claimant identified any witness with information about the M/V ANNABELLA's purported contact with the column, nor was any other evidence of the M/V ANNABELLA's involvement in the collapse identified. *See* Ct. R. 93-8; 93-9.

Under the Limitation Act, a ship owner is entitled to exoneration if he, his vessel, and crew are found to be free from fault. *Tittle v. Aldacosta*, 544 F.2d 752, 755 (5th Cir. 1977). In light of the uncontested evidence that the M/V ANNABELLA did not come into contact with the column before its collapse, or otherwise contribute in any way to the collapse, the Court finds no question of material fact for the jury on the issue of Plaintiff's negligence. There is no evidence of a breach of Plaintiff's duty to the Claimants, and therefore no causal connection between Plaintiff's conduct and Claimants' injuries. Plaintiff has shown it is entitled to exoneration from liability as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment [93] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Matthews Marine, Inc., owner of the M/V ANNABELLA, and the said vessel and her proceeds are forever exempt from any liability to the Claimants, in every form of proceeding and in every jurisdiction, and such claim is held invalid and is disallowed. This case is hereby **DISMISSED WITH PREJUDICE**. A separate judgment will issue.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE